IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-78-FL

| | | |
|---|---|---|
| KAREN S. BRUMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Karen S. Brumm ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and Disability Insurance Benefits ("DIB"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE-23] be denied and Defendant's Motion for Judgment on the Pleadings [DE-26] be granted.

**STATEMENT OF THE CASE**

Plaintiff protectively filed an application for a period of disability and DIB on November 3, 2010 (Tr. 101), alleging disability beginning July 22, 2010 (Tr. 187). The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 101, 119, 135-36.) On October 26, 2012, a hearing was held before Administrative Law Judge Richard L. Vogel ("ALJ"), who issued an unfavorable ruling on December 10, 2012. (Tr. 65-66.) On February

20, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or

equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 404.1520a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id*. § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id*. § 404.1520a(e)(3).

**III.    ALJ's Findings**

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since July 22, 2010. (Tr. 57.) Next, the ALJ determined Plaintiff had the following severe impairments: "depression and cognitive disorder." (*Id.*) However, at step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 57-58.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability to perform medium work but provided the following limitations:

> [N]o climbing or crawling, no exposure to hazards; simple routine repetitive tasks involving no more than one or two steps; in a low stress environment requiring no more than occasional decision making or changes in the setting, and no interaction with the general public.

(Tr. 58.) In making this assessment, the ALJ found Plaintiff's statements about the severity of her symptoms not fully credible. (Tr. 59.) At step four, the ALJ concluded Plaintiff did not have the RFC to perform the requirements of her past relevant work. (Tr. 63.) Nonetheless, at step five, upon considering Plaintiff's age, education, work experience and RFC, the ALJ determined Plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national and state economies. (Tr. 64.)

## IV. Plaintiff's Claim

Plaintiff challenges the Commissioner's final decision denying benefits on a single ground. Plaintiff contends that the ALJ erred in relying on Vocational Expert ("VE") testimony that was inconsistent with the *Dictionary of Occupational Titles* ("DOT"). Plaintiff argues that the VE was asked to give occupations that limited a hypothetical individual to one- or two-step tasks, but the VE gave two occupations that required more than one or two steps. Plaintiff additionally argues that there is a conflict between the VE's testimony and the DOT where each of the jobs identified by the VE has a reasoning level higher than allowed by the ALJ's limitation of Plaintiff to "tasks involving no more than one or two steps."

During the hearing, the ALJ asked the VE to respond to the following hypothetical:

> I want you to assume a hypothetical person the same age as [Plaintiff], the same education and work history, retaining both light and medium exertional

capacity. Now if possible I would request two occupations at each level, and the following limitations apply equally at both levels:

No climbing, crawling or exposure to industrial hazards. Simple, routine, repetitive, one- and two-step tasks in a low stress setting where there's no more than occasional decision making or changes in the setting and no interaction with the general public. Now, can you identify unskilled, light and medium work . . . that would be consistent?

(Tr. 82-83.) The VE replied that such an individual limited to light work could perform the jobs of housekeeper (DOT 323.687-014) and small products assembler (DOT 706.684-022). The VE further provided that such an individual limited to medium work could perform the jobs of laundry worker (DOT 361.684-014) and hand packager (DOT 920.587-018). (Tr. 83.)

When there is an apparent conflict between a VE's testimony and the DOT, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE . . . to support a determination about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). The DOT's Reasoning Level 1 requires a worker to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, app. C III, http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM (last visited June 15, 2015). Reasoning Level 2 requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT, app. C III, http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM (last visited June 15, 2015).

After determining that Plaintiff could perform medium work, the ALJ concluded Plaintiff was not disabled because she could perform the jobs of laundry worker and hand packager. Both jobs require a Reasoning Level of 2. DOT, Laundry Worker,

http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT03A.HTM (last visited June 15, 2015); Hand Packager, http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT09A.HTM (last visited June 2, 2015). Although the description for Reasoning Level 1 mentions the limitation of one- or two-step instructions, this court has previously rejected the argument that a limitation of performing one- or two-step instructions was inconsistent with jobs at the DOT's Reasoning Level 2. *Broussard v. Colvin*, 2013 WL 5370592 (E.D.N.C. Sept. 24, 2013) (citing *Burnette v. Astrue*, 2:08-CV-9-FL, 2009 WL 863372, *5 (E.D.N.C. Mar. 24, 2009)). Furthermore, the ALJ asked and the VE confirmed that the VE's testimony was consistent with the DOT. (Tr. 83.) There is no apparent conflict in the record, and the ALJ did not err in relying on the VE's testimony. *See Broussard*, 2013 WL 5370592, at *5.

## **CONCLUSION**

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE-23] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-26] be GRANTED and the final decision of the Commissioner be AFFIRMED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 16th day of June 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge