IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-78-FL

| | | |
|---|---|---|
| KAREN S. BRUMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 23, 26). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's final decision. Plaintiff timely filed objections to the M&R and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and grants defendant's motion for judgment on the pleadings.

**BACKGROUND**

On November 3, 2010, plaintiff applied for a period of disability and disability insurance benefits, alleging disability beginning July 22, 2010. The application was denied initially and upon reconsideration. Plaintiff subsequently filed a written request for hearing. Following hearing, on December 10, 2012, an Administrative Law Judge ("ALJ") denied plaintiff's application. On

February 20, 2014, the appeals council denied plaintiff's request for review. Plaintiff filed the instant action on April 25, 2014.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."

Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 22, 2010, the date of alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: depression and cognitive disorder. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, except no

climbing or crawling; no exposure to hazards; simple routine repetitive tasks involving no more than one or two steps; in a low stress environment requiring no more than occasional decision making or changes in the setting, and no interaction with the general public. In making this assessment, the ALJ found plaintiff's statements about her own limitations not fully credible. At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

B.  Analysis

Plaintiff argues that the ALJ failed to explain in his decision a conflict between the hearing testimony of the vocational expert (VE) and the Dictionary of Occupational Titles (DOT). In support of this argument, plaintiff notes that the ALJ's RFC determination limits plaintiff to the performance of one- or two-step tasks, whereas plaintiff claims the jobs named by the VE at hearing cannot be performed in one or two steps according to their descriptions in the DOT.

As noted above, the burden is on the defendant to show at step five that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Pass, 65 F.3d at 1203. "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [plaintiff is] able to meet with [her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b). In making this determination, defendant "will take administrative notice of reliable job information available from various governmental and other publications," including, for example, the "Dictionary of Occupational Titles, published by the Department of Labor." 20 C.F.R. § 404.1566(d).

"If the issue in determining whether [the plaintiff is] disabled is whether [her] work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue, [defendant] may use the services of a [VE]." 20 C.F.R. § 404.1566(e). "[B]efore relying on VE . . . evidence to support a disability determination or decision, . . . adjudicators must: [i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the Dictionary of Occupational Titles (DOT), . . . and [e]xplain in the determination or decision how any conflict that has been identified was resolved." SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000).

"Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT." Id. "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." Id. "At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." Id.

As an initial matter, plaintiff's argument lacks merit because there was not an apparent unresolved conflict identified at the hearing in this case. The Social Security regulations and ruling 00-4P place an affirmative duty on the ALJ to inquire on the record whether the VE testimony is consistent with the DOT. The ALJ carried out that duty in this case. In particular, the ALJ asked the VE to identify medium work that plaintiff could perform with her RFC, and the VE identified several jobs, including "Laundry worker, SVP 2, unskilled, medium . . . DOT 361.684-014; and

5

Case 7:14-cv-00078-FL   Document 31   Filed 08/10/15   Page 5 of 10

hand packager, SVP 2, unskilled, medium . . . DOT 920.587-018." (Tr. 83). Thereupon, the ALJ asked the VE "And your testimony is consistent with the DOT?" to which the VE responded "Yes, Your Honor." (Id.). The ALJ then invited questions by hearing counsel for plaintiff, and no question was raised as to any conflict between the VE testimony and the DOT. (See Tr. 83-86). Nor did plaintiff raise the issue when seeking Appeals Council review. (See Tr. 233-238).

Because no issue was raised as to any conflict with the DOT, and no conflict was apparent from the face of the testimony of the VE, further explanation by the VE or ALJ was not required. In this respect, the ALJ noted in his decision, "[p]ursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 64). With no conflict evident from the testimony and no conflict "that [had] been identified," there was no "apparent unresolved conflict" for the ALJ to explain. SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000); see Justin v. Massanari, 20 F. App'x 158, 160 (4th Cir. 2001) (holding that SSR 00-4P "only requires an ALJ to address evident discrepancies between a vocational expert's testimony and the Dictionary of Occupational Titles, and specifically declines to place an obligation on ALJs to uncover such discrepancies").

In any event, there was not a conflict between the DOT and the VE's testimony in this case. Considering plaintiff's RFC, including plaintiff's limitation to "one- and two-step tasks," the VE testified that plaintiff could perform jobs including Laundry Worker, DOT 323.687-014, and Hand Packager, DOT 920.587-018. (Tr. 83). In turn, the DOT describes a Laundry Worker as follows:

> Washes and irons wearing apparel, sheets, blankets, and other linens and clothes used by employees of logging, construction, mining, or other camp, or washes uniforms, aprons, and towels in establishments supplying employees with these linens. Uses equipment usually found in household or in small laundry.

DOT 361.684-014, 1991 WL 672983 (4th ed. rev. 1991). The DOT describes a Hand Packager as follows:

> Packages materials and products manually, performing any combination of following duties: Cleans packaging containers. Lines and pads crates and assembles cartons. Obtains and sorts product. Wraps protective material around product. Starts, stops, and regulates speed of conveyor. Inserts or pours product into containers or fills containers from spout or chute. Weighs containers and adjusts quantity. Nails, glues, or closes and seals containers. Labels containers, container tags, or products. Sorts bundles or filled containers. Packs special arrangements or selections of product. Inspects materials, products, and containers at each step of packaging process. Records information, such as weight, time, and date packaged. May stack, separate, count, pack, wrap, and weigh bakery products and be designated Bakery Worker (bakery products). May apply preservative to aircraft and spaceship parts, package parts for shipment, and be designated Wrapper and Preserver (aircraft mfg.). . . .

DOT 920.587-018, 1991 WL 687916 (4th ed. rev. 1991). Nothing in either description requires performance of tasks involving three or more steps. For example, a Laundry Worker is described as one who "[w]ashes and irons" apparel, and "uses equipment," but the description does not state how many steps are involved in each of these duties or tasks. 1991 WL 672983. Similarly, a Hand Packager is described as one who performs "any combination" of assorted duties, but the description does not state how many steps are involved in any such duties. 1991 WL 687916.

Plaintiff argues, nonetheless, that the job of Hand Packager requires "at least 32 steps," or "as many as 32 steps," enumerating 32 separate duties included in the block quote above. (DE 24 at 6; DE 29 at 5). Plaintiff, however, conflates the number of duties included in the description with the number of steps required for each duty. Plaintiff's RFC only includes a limitation on the number of steps involved in each task, not on the number of duties in a job. (See Tr. 58 (limiting plaintiff to "simple routine repetitive <u>tasks involving no more than one or two steps</u>") (emphasis added)). The DOT does not specify how many steps are involved in the duties listed in the description. In any

7

event, the DOT does not state that a Hand Packager will be required to perform all 32 duties, only "any combination of" such various duties. 1991 WL 687916. Accordingly, there is no conflict between the DOT description of Hand Packager and the VE's testimony based on plaintiff's RFC.

Similarly, plaintiff argues that the job of Laundry Worker entails "at least 3 steps" because such a worker is one who "[1] Washes" and "[2] irons" and "[unkown number of steps] Uses equipment." (DE 24 at 7-8). Again, plaintiff conflates the duties described in the DOT with the number of steps required for each duty. As noted previously, the DOT description does not specifty the number of steps for each duty listed. In any event, the DOT does not require both washing and ironing as part of the job duties described for a Laundry Worker. Thus, there is no conflict between the DOT description of Laundry Worker and the VE's testimony based on plaintiff's RFC.

Plaintiff also argues that because both jobs are listed in the DOT as having a "Reasoning: Level 2," this further supports a determination of a conflict between the DOT and the VE's testimony. (See DE 24 at 8-9; DE 29 at 4). Reasoning Level 2 is described in the DOT as: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT 920.587-018, 1991 WL 687916. This court previously has held, however, that there is no conflict between Reasoning Level 2 and an RFC limitation to simple routine repetitive tasks involving no more than one or two steps. See Broussard v. Colvin, No. 5:12-CV-398-FL, 2013 WL 5370592, at *5 (E.D.N.C. Sept. 24, 2013); Burnette v. Astrue, No. 2:08-CV-009-FL, 2009 WL 863372, at *5, *16 (E.D.N.C. Mar. 24, 2009) (quoting Meissl v. Astrue, 403 F.Supp.2d 981, 984 (C.D. Cal. 2005)).

8

Meissl v. Astrue, upon which the court has previously relied, convincingly rejects the premise of plaintiff's argument here:

> The Social Security regulations separate a claimant's ability to understand and remember things and to concentrate into just two categories: "short and simple instructions" and "detailed" or "complex" instructions. 20 C.F.R. § 416.969a(c)(1)(iii); see also 20 C.F.R. part 404, subpart P, Appendix 1, Listing 12.00(C)(3) ("You may be able to sustain attention and persist at simple tasks but may still have difficulty with complicated tasks"). The DOT, on the other hand, employs a much more graduated, measured and finely tuned scale starting from the most mundane ("simple one-or two-step instructions" at level one), moving up to the most complex ("applying principles of logical or scientific thinking ... apprehend the most abstruse classes of concepts" at level six). To equate the Social Security regulations use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are all encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity. Even more problematic for [plaintiff's] position is that she ignores the qualifier the DOT places on the term "detailed" as also being "uninvolved." This qualifier certainly calls into question any attempt to equate the Social Security regulations' use of the term "detailed" with the DOT's use of that term in the reasoning levels. Instead of simply seeking to equate the two scales based on the serendipity that they happen to employ the same word choice, a much more careful analysis is required in comparing the claimant's RFC with the DOT's reasoning scale.

Meissl, 403 F.Supp.2d at 984. Thus, similar to the descriptions for Hand Packager and Laundry Worker, the Reasoning Level 2 description does create a conflict between the DOT and VE testimony based upon an RFC limited to "simple routine repetitive tasks involving no more than one or two steps." (Tr. 58).

In sum, the ALJ did not err in failing to explain the purported conflict between the DOT and VE testimony that plaintiff now raises in seeking review of the ALJ's decision.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder, the court ADOPTS the recommendation of the M&R. The court DENIES plaintiff's motion for judgment on the pleadings (DE 23), and GRANTS defendant's motion for judgment on the pleadings (DE 26). The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge